**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

**JULIO CARMONA, on behalf of himself and all others similarly situated,**

**Plaintiff,**

**- against -**

**GREAT KILLS MARINA CAFÉ INC. d/b/a MARINA CAFE, JOSEPH LABRIOLA, ROBERT PARASCANDOLA, and ROSEMARIE SALADINO,**

**Defendants.**

---

**Civil Action No. 25-cv-4921**

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Julio Carmona ("Named Plaintiff"), by his attorneys Gladstein, Reif & Meginniss, LLP, alleges upon personal knowledge as to himself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1. This action is brought by Named Plaintiff, on his own behalf and on behalf of similarly situated current and former employees of Defendants Great Kills Marina Café Inc. d/b/a Marina Cafe, Joseph LaBriola, Robert Parascandola, and Rosemarie Saladino (collectively, "Defendants") at Great Kills Marina Café ("GKMC"), a fine dining establishment on Staten Island. Although Named Plaintiff regularly worked more than 12 hours per day and 75 hours per week, Defendants did not pay him the legally-required minimum wage, spread of hours pay, or time and one-half for his overtime hours; and misappropriated his tips.

2. Defendants have been sued several times before for similar violations. In 2017, a GKMC waiter filed a class and collective action against Defendants in this Court to recover unpaid minimum wages, overtime compensation, pay for all hours worked, spread of hours compensation, unlawfully withheld gratuities and deductions, and penalties for failure to provide required notices and wage statements. The case settled in 2021. In 2018, another GKMC employee sued Defendants in this Court for many of the same violations as were alleged in the prior lawsuit. The case settled in 2022. Shortly thereafter, the plaintiff filed a parallel action in Nassau County Supreme Court, which remains pending as of the date of this filing, although the parties seem to have reached an agreement in principle.

3. These lawsuits did not induce compliance with the law. Rather, while the parties quietly resolved these actions, Defendants doubled down on wage-and-hour violations at GKMC, to the point that Named Plaintiff earned an effective minimum wage as low as approximately $4.00 per hour.

4. Now, Named Plaintiff, on his own behalf and on behalf of all persons similarly situated, brings this action to redress the following violations of federal and New York law:

(a) the Defendants' failure to pay Named Plaintiff and other tipped employees: (i) wages at not less than the applicable minimum wage rate(s) for work performed, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(a)(1), New York Labor Law ("NYLL") § 652(1), and 12 NYCRR § 146-1.2; (ii) wages at not less than 1.5 times said employees' regular rate(s) of pay for work performed in each workweek in excess of 40 hours, in violation of 29 U.S.C. § 207(a)(1) and 12 NYCRR § 146-1.4, and (iii) one hour's pay at the applicable minimum hourly wage rate for each workday in

which the spread of hours for work performed exceeded ten (10) hours, in violation of 12 NYCRR § 146-1.6; and

(b) the Defendants' misappropriation of the tips of Named Plaintiff and other tipped employees, in violation of NYLL § 196-d and 12 NYCRR § 146-2.16.

**JURISDICTION AND VENUE**

5. This Court has original federal jurisdiction under 29 U.S.C. § 216(b) and under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.

6. This Court has supplemental jurisdiction over Named Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367 because such claims are so closely related to Named Plaintiff's claims under the FLSA as to form part of the same case or controversy under Article III of the United States Constitution.

7. Upon information and belief, this Court has personal jurisdiction over each Defendant.

8. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

**PARTIES**

**A. Defendants**

9. Defendant Great Kills Marina Café, Inc. d/b/a Marina Cafe ("GKMC") is a New York business corporation with a principal place of business at 154 Mansion Avenue, Staten Island, New York 10308. GKMC was an employer of Named Plaintiff and the similarly situated

employees within the meaning of the 29 U.S.C. § 203(d) and NYLL §§ 190(3) and 651(6). At all relevant times, GKMC was in the hospitality industry as defined by 12 NYCRR § 146-3.1(a).

10. Upon information and belief, Defendant Joseph LaBriola is a resident of Freehold, New Jersey. LaBriola was at all relevant times an employer of Named Plaintiff and the similarly situated employees within the meaning of the 29 U.S.C. § 203(d) and NYLL §§ 190(3) and 651(6). Upon information and belief, since approximately 2018, LaBriola has been a 35 percent co-owner of GKMC, and has maintained operational control over GKMC.

11. Upon information and belief, Defendant Robert Parascandola is a resident of Staten Island, New York. Parascandola was at all relevant times an employer of Named Plaintiff and the similarly situated employees within the meaning of the 29 U.S.C. § 203(d) and NYLL §§ 190(3) and 651(6). Upon information and belief, since approximately 2018, Parascandola has been a 25 percent co-owner of GKMC, and has maintained operational control over GKMC.

12. Upon information and belief, Defendant Rosemarie Saladino is a resident of Staten Island, New York. Saladino was at all relevant times an employer of Named Plaintiff and the similarly situated employees within the meaning of the 29 U.S.C. § 203(d) and NYLL §§ 190(3) and 651(6). Upon information and belief, since approximately 2018, Saladino has been a 35 percent co-owner of GKMC, and has maintained operational control over GKMC.

13. At all relevant times, Defendants operated GKMC, a restaurant within the meaning of 12 NYCRR § 146-3.1(b) located at 154 Mansion Avenue, Staten Island, New York 10308.

14. Upon information and belief, at all relevant times, Defendants operated an enterprise engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1). Upon information and belief, GKMC had an annual gross volume of sales not less than $500,000.

Upon information and belief, Defendants' employees engaged in commerce and in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person. Specifically, GKMC utilized a wide variety of materials, including foodstuffs, kitchen utensils, cooking vessels, glasses and dishware, silverware, cleaning supplies, paper products, furniture, and more which, upon information and belief, moved or were produced in interstate commerce.

15. At all relevant times, as the three co-owners of GKMC, LaBriola, Parascandola and Saladino have devoted substantial amounts of their time to GKMC. They have each, at all relevant times, been in charge of daily operations of GKMC.

16. Upon information and belief, LaBriola, Parascandola and Saladino have had the power to and did control the terms and conditions of employment of employees at GKMC, including those of Named Plaintiff. For instance, Parascandola and Saladino have both had and attested to their and LaBriola's general authority to hire and fire GKMC employees, and indeed, LaBriola personally offered Named Plaintiff his position as a busser in approximately mid-February of 2021. LaBriola also offered and communicated to Named Plaintiff his wage rate of $25 per shift. Parascandola and Saladino have both had and attested to their and LaBriola's ability to set and increase employees' wages. Labriola, Parascandola and Saladino also have had and admitted to having authority to grant or deny an employee the day off due to a family illness and, upon information and belief, they similarly have had the authority to otherwise set employees' hours and schedules. Likewise, Labriola, Parascandola, and Saladino keep and maintain employment records, to which all three have access. LaBriola, Parascandola, and Saladino have had the authority to direct, and have directed the work of all GKMC employees, including Named Plaintiff. In addition, among other roles, Saladino has been responsible for

payroll and for responding to and addressing employee questions or concerns regarding the same, and, along with Parascandola, signed GKMC's lease on behalf of the corporation.

17. Upon information and belief, Saladino is and has been the President of GKMC and Parascandola is and has been the Secretary of GKMC.

18. Each Defendant has had substantial control of the working conditions of Named Plaintiff and those similarly situated employees, and over the unlawful policies and practices alleged herein.

**B. Named Plaintiff**

19. Plaintiff Julio Carmona ("Carmona") is a resident of Staten Island, New York who was employed within the meaning of 29 U.S.C. § 203(g) and NYLL § 2(7) by Defendants from approximately mid-February 2021 to February 15, 2025. At all relevant times, Carmona worked for Defendants as a busser. In this role, he primarily cleared tables and cleaned the tables, floors and windows. Carmona regularly received tips. At all relevant times, Carmona was an employee and food service worker within the meaning of 12 NYCRR §§ 146-3.2(a) and 146-3.4(a) who was employed by Defendants in the hospitality industry as defined by 12 NYCRR § 146-3.1(a). At all relevant times, Carmona was an employee within the meaning of the FLSA and NYLL. At all relevant times, Carmona was engaged in commerce within the meaning of the FLSA.

## FACTS

**A. Defendants' Compensation Policies and Practices**

20. At all relevant times, Defendants maintained a policy and practice of paying tipped hourly employees a flat rate by shift, regardless of the number of hours they actually worked. Defendants orally agreed to pay employees this rate.

21. At all relevant times, Defendants maintained a policy and practice of failing to pay tipped hourly employees at or above the required minimum wage rate for all hours worked.

22. At all relevant times, Defendants maintained a policy and practice of failing to pay tipped hourly employees one-and-one-half times their regular rate of pay for all hours worked in excess of forty hours in any workweek.

23. At all relevant times, Defendants maintained a policy and practice of failing to pay tipped hourly employees “spread of hours” compensation for all days on which their spread of hours exceeded ten (10).

24. Upon information and belief, Defendants failed to make and maintain accurate records of the hours worked each day and total hours worked each workweek by employees, the regular hourly pay rate of employees and the basis thereof, the daily or weekly straight-time earnings of employees, employees’ overtime rate of pay, employees’ total overtime earnings for the workweek, deductions from employees’ wages, and the total wages paid each pay period to employees, as required by 29 C.F.R. § 516.2.

25. At all relevant times, Defendants maintained a policy and practice of requiring tipped hourly employees, including waiters, bussers, runners, and bartenders, to share their tips with one another by placing all tips in a tip pool. These employees were to receive a certain amount or percentage of the tips depending upon their title.

26. Upon information and belief, LaBriola, Parascandola, and Saladino regularly reserved a portion of the tips for “the house”; the amount reserved exceeded the transactional fee charged by credit card companies and no part of it was distributed to tipped employees.

**B. The Named Plaintiff’s Hours and Wages**

27. At all relevant times, Defendants paid Carmona $25 per shift, which amounted to $50 per day and $300 per week. Carmona regularly worked six days a week, Monday through Saturday, for an average of approximately 75 hours in a typical week. During especially busy weekends for GKMC, including but not limited to holiday weekends such as Mother's Day and Father's Day, Carmona would also work on Sundays, for which he would be compensated $25 per shift, totaling $50 a day; that is, at his typical pay rate.

28. From Monday to Thursday, Carmona worked from approximately 11 a.m. to 11 p.m., while on Fridays and Saturdays, he began his workday at 11 a.m. but routinely worked as late as 12:30 or 1 a.m., given GKMC's later operating hours on those days. When he worked on Sundays, his hours were 11 a.m. to 11 p.m. For events like New Year's Eve, which Carmona worked every year during his employment, Carmona would work as late as 2:30 or 3:00 a.m.

29. Carmona worked without a meal break on most if not all of his workdays.

30. Carmona's spread of hours was more than 10 on most if not all of his workdays. However, Defendants never paid him any additional compensation on these days.

31. Although, as set forth above, Carmona worked more than 40 hours per week each week that he was employed by Defendants, Defendants never paid him time-and-a-half for those hours that exceeded 40 in a week.

32. Carmona was compensated entirely in cash.

33. Defendants never notified Carmona of their intent to take a tip credit.

## COLLECTIVE ACTION ALLEGATIONS

34. Named Plaintiff brings the First and Third Causes of Action as a collective action pursuant to 29 U.S.C. § 216(b), on his own behalf and on behalf of all tipped hourly employees employed by Defendants at GKMC in Staten Island, New York, on or after the date that is three

years before the filing of this action and who elect to opt in to this action ("the FLSA Collective").

35. At all relevant times, the FLSA Collective is and has been similarly situated, has had substantially similar job requirements and pay provisions, and has been subject to common policies, practices, and rules of Defendants by which Defendants willfully failed and refused to pay the FLSA Collective at the legally required minimum wage for all hours worked and one and one half times the regular rate for hours worked in excess of forty hours per workweek, retained and permitted non-tipped employees to retain the tips of waiters, bussers, food runners, and bartenders, and failed to notify tipped workers in advance of Defendants' use of the tip credit provisions of 29 U.S.C. § 203.

36. The First and Third Causes of Action are properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective is readily ascertainable. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants' records.

**CLASS ACTION ALLEGATIONS**

37. Named Plaintiff brings the Second and Fourth through Sixth Causes of Action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on his own behalf and on behalf of all tipped hourly employees employed by Defendants at GKMC in Staten Island, New York on or after the date that commences the statute of limitations period ("the Class").

38. Pursuant to FRCP 34(c)(5), the Class includes the following Subclasses:

a. Subclass No. 1 consists of all tipped hourly employees employed by Defendants at GKMC in Staten Island, New York who were paid in one or more workweeks

less than the applicable minimum wage rate(s) set forth in NYLL § 652(1) for work for Defendants;

b. Subclass No. 2 consists of all tipped hourly employees employed by Defendants at GKMC in Staten Island, New York whose work for Defendants occupied more than forty (40) hours in one or more workweeks and who were not compensated for work they performed in excess of forty (40) hours in a workweek at 1.5 times their respective regular rates of pay;

c. Subclass No. 3 consists of all tipped hourly employees employed by Defendants at GKMC in Staten Island, New York whose tips were retained by Defendants in one or more workweeks; and

d. Subclass No. 4 consists of all tipped hourly employees employed by Defendants at GKMC in Staten Island, New York who worked one or more workdays in which the spread of hours exceeded ten (10) hours.

39. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay of each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

40. The proposed Class, and each Subclass thereof, are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Upon information and belief, there are at least fifty (50) members in the Class and in each Subclass thereof.

41. There are questions of fact and of law that are common to the Class and to each Subclass thereof. Those questions predominate over any questions that may affect only

individual members of the Class or any Subclass thereof. Such questions include but are not limited to:

a. Were tipped hourly employees employed by Defendants at GKMC in Staten Island, New York compensated for all work they performed at not less than the applicable minimum wage rates established by NYLL § 652(1)?

b. Were Defendants entitled to avail themselves of the tipped minimum wage rate under 12 NYCRR § 146-1.3? Did Defendants and/or their agents receive and permit other individuals who were not food service workers to receive distributions from the tip pool? Did Defendants fail to notify tipped employees of the tip credit? Did Defendants permit tipped employees to handle the tip-sharing transactions themselves? Did Defendants fail to maintain, preserve, and/or regularly make available to tipped employees records concerning the tips shared and/or pooled by employees?

c. Did tipped hourly employees employed by Defendants at GKMC in Staten Island, New York perform work in excess of forty (40) hours in one or more workweeks?

d. Were tipped hourly employees employed by Defendants at GKMC in Staten Island, New York compensated for all work they performed in excess of forty (40) hours in a workweek at 1.5 times their respective regular rates of pay?

e. Did Defendants and/or their agents retain and/or misappropriate or suffer or permit others who were not food service workers to retain and/or misappropriate the tips of tipped hourly employees employed by them at GKMC in Staten Island, New York in one or more workweeks? Did such conduct violate NYLL § 196-d and 12 NYCRR § 146-2.16?

f. Did the spread of hours in days worked by tipped hourly employees employed by Defendants at GKMC in Staten Island, New York exceed ten (10) hours in one or more workdays? Where the spread of hours in days worked by tipped hourly employees employed by Defendants at GKMC in Staten Island, New York exceeded ten (10) hours, were such employees entitled to be paid for such spread of hours pursuant to 12 NYCRR § 146-1.6? Where the spread of hours in days worked by tipped hourly employees employed by Defendants at GKMC in Staten Island, New York exceeded ten (10) hours, were such employees paid in accordance with 12 NYCRR § 146-1.6?

42. The Named Plaintiff's claims are typical of those claims of the other members of the Class and of each Subclass thereof. The Named Plaintiff and the other members of the Class and of each Subclass thereof were subject to the same relevant policies and practices of Defendants and suffered the same kinds of injuries as a consequence of these policies and practices.

43. Named Plaintiff will fairly and adequately protect the interests of the members of the Class and each Subclass thereof he seeks to represent. There are no conflicts between Named Plaintiff and any of the other members of the Class or any Subclass thereof. Counsel for the Named Plaintiff are experienced in litigating and settling wage and hour claims under federal and New York law and in litigating and settling class and collective actions, including those involving wage and hour claims.

44. A class action is superior to other available methods for the fair and efficient adjudication of the claims herein. The individual Named Plaintiff and the other putative members of the Class and of each Subclass thereof lack the financial resources necessary to adequately

prosecute separate individual lawsuits against Defendants. The prospective damages for Named Plaintiff and each other member of the Class or any Subclass thereof are small in comparison to the expenses and burdens of an individual prosecution of the claims herein. A class action will avoid duplicative litigation and the possibility of inconsistent judgments concerning the relevant policies and practices of Defendants.

**FIRST CAUSE OF ACTION**
**FLSA Minimum Wage, 29 U.S.C. § 206(a)(1)**
**(On Behalf of Named Plaintiff and the Collective Action Members)**

45. Named Plaintiff repeats, realleges and incorporates herein each of the allegations in the preceding paragraphs with the same force and effect as if fully set forth herein.

46. At all relevant times, Named Plaintiff and those similarly situated were employees of Defendants within the meaning of the FLSA and were engaged in interstate commerce as defined by 29 U.S.C. §§ 206(a) and 207(a).

47. At all relevant times, Defendants were required by 29 U.S.C. § 206 to pay wages to Named Plaintiff and those similarly situated for work performed by them at a rate not less than $7.25 per hour.

48. At all relevant times, Defendants were not eligible to avail themselves of the tipped minimum wage rate under 29 U.S.C. § 203(m) and 29 C.F.R. § 531.50 *et seq*. because: Defendants did not permit the Named Plaintiff and those similarly situated to retain all tips they received, in violation of 29 U.S.C. § 203(m); and Defendants failed to notify the Named Plaintiff and those similarly situated in advance of their use of the tip credit of the provisions of 29 U.S.C. § 203, in violation of 29 C.F.R. § 531.59.

49. Defendants knowingly and willfully failed to pay the Named Plaintiff and those similarly situated the minimum hourly wage required by 29 U.S.C. § 206.

**SECOND CAUSE OF ACTION**
**New York Minimum Wage, NYLL § 652(1) and 12 NYCRR § 146-1.2**
**(On Behalf of Named Plaintiff and Class Members)**

50. Named Plaintiff repeats, realleges and incorporates herein each of the allegations in the preceding paragraphs with the same force and effect as if fully set forth herein.

51. At all relevant times, Named Plaintiff and Class members were employees of Defendants within the meaning of NYLL § 651(5).

52. At all relevant times, Defendants employed eleven or more employees.

53. At all relevant times, Defendants were required pursuant to NYLL § 652 to compensate Named Plaintiff and Class members at not less than the applicable minimum wage rate(s) established by § 652(1) for each hour worked.

54. Under NYLL § 652(1) and 12 NYCRR § 146-1.2, the applicable minimum hourly rate was:

$15.00 on and after December 31, 2018.

$16.00 on and after January 1, 2024.

$16.50 on and after January 1, 2025.

55. At all relevant times, Defendants were not eligible to avail themselves of the tipped minimum wage rate under 12 NYCRR § 146-1.3 because: Defendants received distributions from the tip pool, in violation of 12 NYCRR § 146-2.16; Defendants failed to notify Named Plaintiff and Class members of the tip credit, in violation of 12 NYCRR §§ 146-1.3, 146-2.2; and Defendants failed to maintain, preserve, and regularly make available to Named Plaintiff and Class members records concerning the tips shared and/or pooled by employees, in violation of 12 NYCRR § 146-2.17.

56. At all relevant times, Defendants knowingly and willfully failed to pay Named Plaintiff and Class members the lawful minimum hourly wage required by NYLL § 652(1) and 12 NYCRR § 146-1.2.

**THIRD CAUSE OF ACTION**
**FLSA Overtime, 29 U.S.C. § 207(a)(1)**
**(On Behalf of Named Plaintiff and the Collective Action Members)**

57. Named Plaintiff repeats, realleges and incorporates herein each of the allegations in the preceding paragraphs with the same force and effect as if fully set forth herein.

58. At all relevant times, Named Plaintiff and those similarly situated regularly worked in excess of forty hours per workweek.

59. At all relevant times, Defendants have operated under a decision, policy, and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Named Plaintiff and others similarly situated at a rate of at least one and one-half times the regular rate for all hours worked in excess of forty hours per workweek in violation of 29 U.S.C. § 207(a)(1).

60. At all relevant times, Defendants willfully, knowingly, and regularly failed to pay the Named Plaintiff and others similarly situated at a rate of at least one and one-half times the regular rate for all hours worked in excess of forty hours per workweek in violation of 29 U.S.C. § 207(a)(1).

**FOURTH CAUSE OF ACTION**
**New York Overtime, 12 NYCRR § 146-1.4**
**(On Behalf of Named Plaintiff and Class Members)**

61. Named Plaintiff repeats, realleges and incorporates herein each of the allegations in the preceding paragraphs with the same force and effect as if fully set forth herein.

62. At all relevant times, Defendants knowingly and willfully failed to pay Named Plaintiff and Class members their lawful overtime wages, in violation of 12 NYCRR § 146-1.4.

**FIFTH CAUSE OF ACTION**
**Misappropriation of Tips, NYLL § 196-d and 12 NYCRR § 146-2.16**
**(On Behalf of Named Plaintiff and Class Members)**

63. Named Plaintiff repeats, realleges and incorporates herein each of the allegations in the preceding paragraphs with the same force and effect as if fully set forth herein.

64. Defendants and/or their agents unlawfully retained and/or misappropriated or suffered or permitted others who were not food service workers to retain and/or misappropriate tips earned by Named Plaintiff and Class members, in violation of NYLL § 196-d and 12 NYCRR § 146-2.16.

**SIXTH CAUSE OF ACTION**
**Spread of Hours, 12 NYCRR § 146-1.6**
**(On Behalf of Named Plaintiff and Class Members)**

65. Named Plaintiff repeats, realleges and incorporates herein each of the allegations in the preceding paragraphs with the same force and effect as if fully set forth herein.

66. Named Plaintiff and the Class members regularly worked more than ten hours in a workday.

67. Defendants willfully violated the rights of Named Plaintiff and the Class members by failing to pay them an additional one hour's pay at the basic New York minimum hourly wage rate on the days in which their spread of hours exceeded ten, in violation of 12 NYCRR § 146-1.6.

**PRAYER FOR RELIEF**

WHEREFORE, the Named Plaintiff, on his own behalf and on behalf of the other members of the FLSA Collective and the Class, prays for relief as follows:

A. Damages in the amount of the unpaid minimum wages owed to each Plaintiff;

B. Damages in the amount of the overtime compensation owed to each Plaintiff;

C. Damages in the amount of all tips Defendants unlawfully received or retained in violation of NYLL § 196-d and 12 NYCRR § 146-2.16;

D. Damages in the amount of one hour's pay at the applicable basic minimum wage rate for each day each Plaintiff's spread of hours exceeded ten (10) hours;

E. Liquidated damages pursuant to 29 U.S.C. § 260 and/or NYLL § 198(1-a) and/or NYLL § 663(1);

F. Prejudgment interest, costs and reasonable attorney's fees;

G. Post-judgment interest;

H. Inclusion in the judgment of a provision to the effect that if any amount(s) payable under any portion of the judgment pursuant to NYLL §§ 198 and/or 663 remain unpaid upon the expiration of ninety days following issuance thereof, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of that portion of the judgment shall automatically increase by fifteen percent; and

I. Such other and further relief as the Court may deem just and proper.

Dated: September 4, 2025

GLADSTEIN, REIF & MEGINNISS LLP

By: ______________________________
Jessica E. Harris
James M. Reif
Eliza I. Schultz
39 Broadway, Suite 2430
New York, New York 10006
(212) 228-7727
jharris@grmny.com
jreif@grmny.com
eschultz@grmny.com